# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3560 | **DATE** | 12/23/2002 |
| **CASE TITLE** | Heartland Prod Co. Vs. A Stallone Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on ____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and Recommendation to Hon. James Holderman recommending that plaintiff's motion to hold Marlene Stallone and Maria Stallone in contempt of court be DENIED WITHOUT PREJUDICE IN PART AND STAYED IN PART, and that plaintiff's motion to hold Bernice Ventresca in contempt of court and for a turnover order for certain property be DENIED WITHOUT PREJUDICE is submitted herewith. See reverse of this order. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995)
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 23 2002 date docketed | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT | |
| | Docketing to mail notices. | | 40 |
| | Mail AO 450 form. | 02 DEC 23 AM 11:27 | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | | 12/23/2002 date mailed notice |
| MW courtroom deputy's initials | | Date/time received in central Clerk's Office | MW mailing deputy initials |

(Reserved for use by the Court)

# ORDER

## REPORT AND RECOMMENDATION

As described in the Report and Recommendation submitted in *Anthony Marano Co. v. A. Stallone, Inc.*, 00 C 8019, the plaintiff's motions filed in that case to hold Marlene Stallone and Maria Stallone in contempt of court and to hold Bernice Ventresca in contempt of court and for a turnover order for certain property filed were captioned as if that case were consolidated with this case. However, the cases were never consolidated. The motions seek to hold Marlene Stallone, Maria Stallone and Bernice Ventresca in contempt of court for, *inter alia*, failure to respond to a citation to discovery assets issued by the court on September 12, 2001. However, the citation attached as an exhibit to the motion regarding Bernice Ventresca bears only the caption and case number for *Anthony Marano Co. v. A. Stallone, Inc.* It does not indicate that it is a citation to discover assets relating to this case. Thus, this Court cannot recommend that the citation respondents be held in contempt of court in this case for failing to respond to that citation. Additionally, for the reasons set out in the Report and Recommendation submitted in *Anthony Marano Co. v. A. Stallone, Inc.*, the motion should be stayed as to Marlene Stallone individually because of her pending bankruptcy proceedings, and should be denied as to Bernice Ventresca without prejudice to the plaintiff's serving a citation to discover assets upon Beatrice Ventresca. Thus, this court respectfully recommends that, to the extent that those motions are deemed to have been filed in this case, they be denied without prejudice.